UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| DANNY EDWARDS, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 25-1115 |
| ) | |
| CHERYL HANSEN *et al.*, ) | |
|     Defendants. ) | |

### ORDER

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court for screening is a Complaint (Doc. 1) filed under 42 U.S.C § 1983 by Plaintiff Danny Edwards, an inmate at Pontiac Correctional Center ("Pontiac"). Plaintiff also filed Motions for Counsel (Doc. 5) and Status (Doc. 10).

**I.    Complaint**

    **A. Screening Standard**

The Court must "screen" Plaintiff's Complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing the Complaint, the court accepts the factual allegations as accurate, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be

provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

### B. Factual Allegations

Plaintiff's pleading alleges constitutional violations at Pontiac against Nurse Practitioner Cheryl Hansen and Wexford Health Sources, Inc. ("Wexford").

Plaintiff recounts his extensive medical history with chronic heart disease since 1999, when he had his first of three heart attacks and numerous surgical procedures to address his chronic cardiac condition.

On March 29, 2022, Plaintiff had an electrocardiograph performed at the University of Illinois Heart Center ("Center"), which showed a heart rhythm disorder known as atrial fibrillation ("AFib"). Plaintiff was placed on a heart monitor for a week to determine the severity. Defendant Hansen, acting as Pontiac's Medical Director, authorized and monitored Plaintiff's progress. On April 13, 2022, the monitor was removed, and Plaintiff was supposed to return to the Center to receive the monitoring results. Plaintiff asserts that Hansen did not schedule his return and later informed him the monitoring results were normal.

Plaintiff continued to experience fatigue, hypertension, and hyperlipidemia in the months that followed. In August 2023, Plaintiff returned to the Center, where a cardiologist informed that the results of his heart monitor showed he was in constant AFib. The cardiologist also told Plaintiff that the Center contacted Pontiac to schedule a follow-up appointment, which never occurred.

**C. Analysis**

"Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates 'deliberate indifference to serious medical needs of prisoners.'" *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). To succeed on a claim of deliberate indifference to a serious medical need, a plaintiff must satisfy a test that contains both an objective and subjective component. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Under the objective element, a plaintiff must demonstrate that his medical condition is sufficiently severe. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Under the subjective component, the prison official must have acted with a "sufficiently culpable state of mind." *Id.* Thus, a plaintiff can establish deliberate indifference by showing that a defendant "knew of a substantial risk of harm to the inmate and disregarded the risk." *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005).

The Court concludes that Plaintiff's account is sufficient to state an Eighth Amendment deliberate indifference claim against Defendant Hansen. However, Plaintiff does not state a claim against Defendant Wexford.

Defendant Wexford can be held liable under § 1983 if an unconstitutional act is caused by: "(1) an official policy adopted and promulgated by its officers; (2) a governmental practice or custom that, although not officially authorized, is widespread and well settled; or (3) an official with final policy-making authority." *Thomas v. Cook Cty. Sheriff's Dept.*, 604 F.3d 293, 303 (7th Cir. 2010); *see also Woodward v. Corr. Med. Servs. of Ill., Inc.*, 368 F.3d 917, 927-28 (7th Cir. 2004) (stating that the standard for municipal liability

in *Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658 (1978), applies to corporations as well). "The 'official policy' requirement was intended to distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986) (emphases in original).

Plaintiff claims that Wexford has a "policy and practice of hiring unqualified and untrained personnel" as a cost-saving measure. However, Plaintiff's conclusory assertions fail to establish or permit the Court to infer an official policy or custom under any of the three conditions mentioned above. Thus, he fails to state a *Monell* claim against Wexford.

II.    **Counsel and Status**

Plaintiff moves for the recruitment of counsel. Plaintiff has no constitutional right to counsel, and the Court cannot require an attorney to accept *pro bono* appointments in civil cases. The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992) (holding that although indigent civil litigants have no constitutional right to counsel, a district court may, in its discretion, request counsel to represent indigent civil litigants in certain circumstances). In considering Plaintiff's motion for counsel, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

Plaintiff's Motion for Recruitment of Counsel (Doc. 5) is denied because he has not satisfied his threshold burden of demonstrating that he has attempted to hire counsel, which typically requires writing to several lawyers and attaching the responses received. Plaintiff's Motion for Status (Doc. 10) is moot with the entry of the Court's Order.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion for Counsel (Doc. 5) is DENIED.**

2) **Plaintiff's Motion for Status (Doc. 10) is MOOT.**

3) **According to the Court's screening of Plaintiff's Complaint [1] under 28 U.S.C. § 1915A, Plaintiff states an Eighth Amendment deliberate indifference claim against Defendant Hansen. Plaintiff's claim against Hansen proceeds in her individual capacity only. Additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or under Federal Rule of Civil Procedure 15.**

4) **The Clerk of the Court is DIRECTED to terminate Wexford Health Sources, Inc. as a party.**

5) **This case is now in the process of service. The Court advises Plaintiff to wait until counsel has entered an appearance before filing any motions to give Defendant notice and an opportunity to respond to those motions. Motions filed before counsel has filed an appearance will be denied as premature. Plaintiff need not submit evidence to the Court unless otherwise directed by the Court.**

6) **The Court will attempt service on Defendant Hansen by mailing a waiver of service. Defendant has sixty days from service to file an Answer. If Defendant has not filed an Answer or appeared through counsel within ninety days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After service of process, the Court will enter an order setting discovery and dispositive motion deadlines.**

7) **If Defendant Hansen no longer works at the address provided by Plaintiff, the entity for whom Hansen worked while at that address shall submit to the Clerk Defendant Hansen's current work address or, if not known, Hansen's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.**

8) **Defendant Hansen shall file an Answer within sixty days of the date the Clerk sends the waiver. A motion to dismiss is not an answer. The Answer should include all defenses appropriate under the Federal Rules. The Answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Hansen's positions. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to the Answer is necessary or will be considered.**

9) **This District uses electronic filing, which means that after Defendant's counsel has filed an appearance, Defendant's counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Therefore, Plaintiff does not need to mail copies of motions and other documents that Plaintiff has filed with the Clerk to Defendant's counsel. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Instead, Plaintiff must mail his discovery requests and responses directly to Defendant's counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendant's counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.**

10) **Defendant's counsel is granted leave to depose Plaintiff at his place of confinement. Defendant's counsel shall arrange the time for the deposition.**

11) **Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to inform the Court of a change in mailing address or phone number will result in the dismissal of this lawsuit with prejudice.**

12) **If Defendant Hansen fails to sign and return a waiver of service to the Clerk within thirty days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Hansen and will require that Hansen pay the total costs of formal service under Federal Rule of Civil Procedure 4(d)(2).**

13) **The Court directs the Clerk to enter the standard qualified protective order under the Health Insurance Portability and Accountability Act.**

14) **The Court directs the Clerk to attempt service on Defendant Hansen under the standard procedures.**

ENTERED June 9, 2025.

                                        s/ *Colleen R. Lawless*
                              _____
                                      COLLEEN R. LAWLESS
                              UNITED STATES DISTRICT JUDGE